Daniel J. Palay, SBN 159348
*djp@calemploymentcounsel.com*
Brian D. Hefelfinger, SBN 253054
*bdh@calemploymentcounsel.com*
**PALAY HEFELFINGER, APC**
1484 E. Main Street, Suite 105-B
Ventura, California 93001
Tel: (805) 628-8220
Fax: (805) 765-8600

Attorneys for Plaintiff Michael Giuffrida
And the Putative Class

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GIUFFRIDA, an individual, on behalf of himself and other persons similarly situated, | Case No. |
| Plaintiffs, | <u>CLASS ACTION</u> |
| v. | **COMPLAINT FOR:** |
| AESTHETIC PHYSICIANS OF CALIFORNIA, INC.; BODY CONTOUR CENTERS, LLC dba SONO BELLO; and DOES 1 through 100, inclusive, | 1) **FAILURE TO PAY OVERTIME AND DOUBLETIME PREMIUM WAGES;** |
| Defendants. | 2) **PAY STUB VIOLATIONS;** |
| | 3) **UNFAIR COMPETITION;** |
| | 4) **FAILURE TO TIMELY PAY FINAL WAGES;** |
| | 5) **FAILURE TO PAY MINIMUM WAGES;** |
| | 6) **FAILURE TO PROVIDE LEGALLY COMPLIANT REST PERIODS; and** |
| | 7) **FAILURE TO PROVIDE LAWFUL MEAL PERIODS** |

**DEMAND FOR JURY TRIAL**

**TO ALL INTERESTED PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

1

Plaintiff MICHAEL GIUFFRIDA ("Plaintiff"), for himself and and the putative class, hereby submits the following Complaint against AESTHETIC PHYSICIANS OF CALIFORNIA, INC., BODY CONTOUR CENTERS, LLC dba SONO BELLO and DOES 1 through 100, inclusive (collectively "Defendants"), and each of them as follows.

## INTRODUCTION

1.    This is a class, collective, and representative action brought by Plaintiff, on behalf of himself and all others similarly situated.  Plaintiff and those similarly situated are or were employed by Defendants as physicians, and were denied proper compensation as required by state and federal wage-and-hour laws.

2.    The putative class herein (the "Class") is made up of each and every person who has worked for Defendants in California as physicians within 4 years of the filing of this action through the date of certification of the class (the "Class Period").

3.    During the Class Period, Defendants failed to pay overtime compensation to Plaintiff and each member of the putative class, as required by federal and state law.

4.    Here, Defendants instituted a compensation plan which made payment to Plaintiff and the putative class via a "piece rate" or a "commission" for services rendered (the "Piece Rate Plan(s)").  No salary was paid under the Piece Rate Plan, and Defendants did not otherwise pay the statutorily required rate to Plaintiff or those similarly situated.

5.    As a result, Plaintiff and the putative class were not exempt from overtime. All former current physicians who have worked during the Class Period, have thus worked overtime and doubletime hours without any additional compensation therefor. Plaintiff seeks relief for all such individuals.

6.    Based on the foregoing, Plaintiff seeks relief for the Class under California wage-and-hour law to remedy Defendants' continued failure to pay all wages due, pay appropriate overtime compensation, pay waiting-time penalties, and to provide accurate wage statements.

2

## VENUE AND JURISDICTION

7.    Jurisdiction over Plaintiffs' federal claims is based upon 29 U.S.C. § 216(b), which authorizes employees to bring civil actions in courts of appropriate jurisdiction to recover damages for an employer's failure to pay overtime wages as required by the FLSA; and (b) 29 U.S.C. §§ 1331 and 1337.

8.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b).  At all times material herein, Defendants have been actively conducting business in the State of California and within the geographic area encompassing the Central District of the State of California, where it employs dozens of putative class members.

9.    Jurisdiction over Plaintiffs' state law class action claims under the California Labor Code, and the claim under section 17200 of the California Business and Professions Code, are based upon this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a), because the state law claims are so related to Plaintiffs' federal claims that they form a part of the same case or controversy between Plaintiffs and Defendants.

## THE PARTIES

10.    At all times herein mentioned, Plaintiff Michael Giuffrida was an employee of Defendants, working in the state of California as a duly licensed and qualified physician for Defendants, from 2012 through 2017.

11.    Unless otherwise stated, at all times herein mentioned Plaintiff Giuffrida was an individual residing and working in the County of Los Angeles, State of California.

12.    At all times herein mentioned, Plaintiff is informed and believe and, based on such information and belief, thereon alleges that AESTHETIC PHYSICIANS OF CALIFORNIA, INC. (herein "APCI"), is a California corporation with its principal place of business in California.  At all times herein mentioned, on information and belief BODY CONTOUR CENTERS, LLC, dba "Sono Bello" (herein, "BCC"), is a Washington limited liability company, with its principal place of business in Kirkland, Washington.

13.    On information and belief, APCI and BCC operate as joint employers or as an integrated employer with other operations, specific business form(s) unknown, including but not limited to operations related to "Aesthetic Physicians, PC," and "Body Sculpt International, LLC," specific business forms unknown  When Plaintiff is able to ascertain the extent, relationship, and type of the affiliations between APCI, BCI, and these other operations, Plaintiff shall amend this pleading with said information.

14.    The true names and capacities, whether individual, corporate, associate, representative or otherwise, of the defendants identified herein as Does 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by said fictitious names.  Plaintiffs will amend this Complaint to allege the true names and capacities of Does 1 through 100 when they have been ascertained.

15.    It is alleged that Does 1 through 100 are in some manner legally responsible for the wrongs and injuries alleged herein.  In this complaint, defendants APCI, BCC and Does 1 through 100 are referred to as the "Defendants."

16.    Each of the Defendants acted as the agent, employer or employee of the others and each acted within the scope of that agency or employment.  Pursuant to *Mathieu v. Norrell Corp.*, 115 Cal. App. 4th 1174 (2004) and other California decisional law, each of the Defendants herein exercised sufficient powers of control over the Plaintiff herein such that Defendants are regarded as the employer or "co-employers" of Plaintiff.

## CLASS ACTION ALLEGATIONS

17.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following defined class:

> Each and every person who has worked for Defendants in California as a physician and paid on a piece-rate or commission basis at any time between four years prior to the filing of this complaint and the trial of this action (the "Class Period").

18.    <u>Numerosity</u>:  On information and belief, the Class represents over 25 persons and is so numerous that the joinder of each member of the Class is impracticable.

19.    <u>Typicality</u>: Plaintiffs' claims are typical of the members of the Class. Plaintiffs are informed and believe that, like other physicians working for Defendants, they routinely worked more than forty hours per week, and/or more than eight (or even twelve) hours per day, during the Class Period.  Plaintiff had the same duties and responsibilities as other Class members.  Plaintiff and the Class were subject to Defendants' policy and practice of improperly treating and classifying physicians as "exempt" from federal and state overtime laws, failing to pay appropriate overtime compensation, failing to pay required wages, including failing to pay waiting time penalties, failing to provide accurate itemized wage statements, failing to provide meal periods and paid rest periods, and failing to maintain accurate records of hours worked.

20.    <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.  The members of the Class that Plaintiffs represent have no plain, speedy or adequate remedy at law against Defendants, other than by maintenance of this class action, because Plaintiffs are informed and believe, and on such information and belief allege, that the damage to each member of the Class is relatively small and that it would be economically infeasible to seek recovery against Defendants other than by a class action.

21.    <u>Adequacy</u>: Plaintiff will fairly and adequately represent the interests of the Class, because Plaintiff is a member of the Class, and Plaintiff's claims are typical of those in the Class.

22.    <u>Commonality</u>: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of

the Class.   The common questions of law and fact that predominate in this matter include:

      a.  Whether Defendants improperly treated Plaintiffs and the members of the Class as exempt from overtime;

      b.  Whether Defendants unlawfully failed to pay appropriate overtime compensation to the Plaintiffs and the members of the Class in violation of the California Labor Code §§ 510 and 1194, and the FLSA;

      c.  Whether Defendants provided adequate itemized wage statements to the Plaintiffs and the members of the Class pursuant to California Labor Code § 226;

      d.  Whether Defendants' conduct violated the California Unfair Practices Act set forth in the Business and Professions Code § 17200 *et seq.* by violating the state and federal laws as set forth herein;

      e.  Whether Defendants paid the minimum wage for all hours worked;

      f.  Whether Defendants provided legally compliant rest periods as required by California law;

      g.  Whether Defendants provided legally compliant meal periods as required by California law;

      h.  The proper measure of damages sustained by the Plaintiffs and the Class; and

      i.  Whether Defendants' actions were "willful" and/or "knowing and intentional."

    23.   This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Class would result in inconsistent or varying adjudications and create the risk of incompatible

standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be potentially dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

24. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. Specifically, Plaintiffs and the putative class are entitled to overtime pay under California law, and yet Defendants continue to fail to pay minimum wages and overtime premiums to Plaintiffs and the putative class here. (*See, Id.*)

25. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions only affecting individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the Class the overtime and doubletime pay to which they are entitled. The damages suffered by the individual Class members may be small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

26. Plaintiff intends to send notice to all members of the Class to the extent required by Rule 23. The names and addresses of the members of the Class are available from Defendants.

/ / /
/ / /
/ / /

COMPLAINT; DEMAND FOR JURY TRIAL

# FIRST CAUSE OF ACTION

## *Failure To Pay Overtime And Doubletime Premium Wages*

## (Action Brought By Plaintiff On Behalf Of Himself

## And The Class Against All Defendants)

27.   Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

28.   California law requires payment of overtime premium pay for all hours worked by non-exempt employees in excess of eight in one day or 40 hours in one week and for the first eight hours on the seventh-straight day of work in one workweek.  Lab. Code § 510.   It further requires payment of doubletime premium pay for all hours worked by non-exempt employees in excess of twelve hours in one day or in excess of eight hours on the seventh-straight day of work in a single workweek.  *Id.*

29.   Plaintiff and the Class regularly worked hours for which they were not paid overtime or doubletime premium wages, including for hours they worked in excess of eight in a day, 40 in a week, and on the seventh straight day of work in a workweek. By way of example, Plaintiff regularly worked in excess of eight hours each day due to the nature of the business and the fact that they regularly had to attend to patients.

30.   Plaintiffs and the Class seek such overtime and doubletime premium wages owed to them for the three-year period measured backward from the date of the filing of the initial Complaint in this matter.  (In the Unfair Business Practices cause of action stated herein, Plaintiffs and the Class seek restitution of unpaid overtime and doubletime wages due for the four-year period measured backward from the date of the filing of the initial Complaint in this matter.)

31.   The exact amount of overtime and doubletime premium wages owed will not be fully ascertained until discovery is completed.   Until Defendants produce the necessary documents for an accounting, Plaintiffs are unable to determine the exact amount of overtime and doubletime premium wages owed.   Additionally, Defendants

1  did not keep accurate records of the hours Plaintiffs and the other Class members

2  worked.

3      32.    Labor Code section 218.6 states, "[I]n any action brought for the

4  nonpayment of wages, the court shall award interest on all due and unpaid wages at the

5  rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which

6  shall accrue from the date that the wages were due and payable as provided in Part 1

7  (commencing with Section 200) of Division 2."  Interest is also available under Labor

8  Code section 1194.  Plaintiffs seek such interest on all overtime and doubletime

9  premium wages owed to themselves and the Class for the three-year period measured

10  backward from the date of the filing of the initial Complaint in this matter.

11      33.    Pursuant to Labor Code section 1194, Plaintiffs request the Court to award

12  Plaintiffs' reasonable attorney's fees and costs incurred in this action.

13                          **SECOND CAUSE OF ACTION**

14                              ***Pay Stub Violations***

15          **(Action Brought By Plaintiff On Behalf Of Himself**

16              **And The Class Against All Defendants)**

17      34.    Plaintiff incorporates by reference and re-alleges each and every one of the

18  allegations contained in the preceding and foregoing paragraphs of this Complaint as if

19  fully set forth herein.

20      35.    California Labor Code section 226 provides:

21          Every employer shall, semimonthly or at the time of each
22          payment of wages, furnish each of his or her employees, either
23          as a detachable part of the check, draft, or voucher paying the
            employee's wages, or separately when wages are paid by
24          personal check or cash, an itemized statement in writing
25          showing (1) gross wages earned, (2) total hours worked by the
            employee, except for any employee whose compensation is
26          solely based on a salary and who is exempt from payment of
27          overtime under subdivision (a) of Section 515 or any applicable
28

COMPLAINT; DEMAND FOR JURY TRIAL

order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

36.    In this case, Defendants have failed to provide such wage deduction statements to Plaintiff and the Class in that their wage deduction statements do not include, without limitation, their accurate gross wages earned, all overtime/doubletime hours worked, net wages earned, itemized compensation for rest periods, or all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee.    Plaintiffs' wage deduction statements do not show the number of hours worked or the applicable hourly rate. Defendants have intentionally failed to put the information required by section 226(a) on the paycheck stubs.

37.    Pursuant to Labor Code section 226(e), damages are appropriate.    At this time, Plaintiff believes and alleges that he and the Class are owed the maximum allowable penalty under section 226(e) because Defendants intentionally failed to provide adequate paycheck stubs.    However, the exact amount of damages under Labor Code section 226(e) will not be fully ascertained until discovery is completed.    Until Defendants produce the necessary documents for an accounting, Plaintiffs are unable to determine the exact amount of damages under Labor Code section 226(e).

38.    Pursuant to Labor Code section 226(e), Plaintiff requests the court to award Plaintiffs' reasonable attorney's fees and costs incurred by Plaintiffs in this action.

COMPLAINT; DEMAND FOR JURY TRIAL

## THIRD CAUSE OF ACTION

### *Unfair Competition*

### (Action Brought By Plaintiff On Behalf Of Himself
### And The Class Against All Defendants)

39.    Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as though fully set forth herein.

40.    This cause of action is being brought pursuant to California Business and Professions Code section 17200 et seq. and California case law including *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.App.4th 163 (2000).

41.    It is alleged that Defendants have willfully failed to pay Plaintiffs and the Class the state-mandated overtime and doubletime premium wages, minimum wages, and rest periods.  The failure to pay such wages and expenses under state and federal law constitutes unfair business practices under California Business and Professions Code section 17200.

42.    As a result of the conduct of Defendants, Defendants profited from breaking the law.  Plaintiff and the Class seek disgorgement of Defendants' unlawfully obtained benefits (plus interest thereon) for the four-year period measured backward from the date of filing of the initial Complaint in this matter.

43.    California Business and Professions Code section 17203, under the authority of which a restitutionary order may be made, provides:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction.  The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use of employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may

11

have been acquired by means of such unfair competition.

44.    As a result of the alleged aforesaid actions, Plaintiff and the Class have suffered injury in fact and have lost money as a result of such unfair competition.

## FOURTH CAUSE OF ACTION

### *Failure To Timely Pay Wages At Termination*

### (Action Brought By Plaintiff On Behalf Of Himself

### And The Class Against All Defendants)

45.    Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

46.    Labor Code section 201 provides, in relevant part, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."  Lab. Code § 201(a).  Labor Code section 202 provides, in relevant part, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."  Lab. Code § 202(a).  Defendants did not pay immediately all wages earned and unpaid to Plaintiff and the Class upon their discharge or resignation. Defendants have refused and continue to refuse to pay said wages.

47.    Pursuant to Labor Code section 203, Defendants have willfully failed to pay without abatement or reduction, in accordance with Labor Code sections 201 and 202 all of the overtime, vacation, and doubletime wages of the Plaintiff and the Class, as herein alleged.  Plaintiff seeks wages and waiting-time penalties pursuant to Labor Code section 203 on behalf of himself and the Class.  These penalties consist of up to 30 days of pay for Plaintiff Hernandez and the Class at their regular rates of pay.

48.    Plaintiff and the Class have been available and ready to receive wages owed to them.

**COMPLAINT; DEMAND FOR JURY TRIAL**

49.     Plaintiff and the Class have never refused to receive any payment, nor have they been absent from their regular places of residence.

50.     Defendants' failure to pay wages due and owing Plaintiff and the Class, as indicated in prior paragraphs, was willful; Defendants have knowingly refused to pay any portion of the amount due and owning Plaintiff and the Class.

## FIFTH CAUSE OF ACTION

### *Failure To Pay Minimum Wages*

**(Action Brought By Plaintiff On Behalf Of Himself**

**And The Class Against All Defendants)**

51.     Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

52.     Section 1197 of the Labor Code establishes California's minimum wage. Until July 1, 2014, the minimum wage in California was $8.00 per hour, and it increased to $9.00 on that date; it increased to $10 per hour on January 1, 2016.   Lab. Code § 1182.12.

53.     Labor Code section 1194 creates a cause of action for employees to recover unpaid wages from an employer who fails to pay them at the legal minimum wage or overtime rate.

54.     Labor Code section 1194.2 allows an employee to recover liquidated damages for a violation of Labor Code section 1194 as it pertains to unpaid minimum wages.  "In any action under Section … 1194 … to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon." Lab. Code § 1194.2, subd. (a).

55.     Plaintiff seeks unpaid minimum wages and liquidated damages on behalf of himself and the putative class pursuant to Labor Code sections 1194, 1194.2, and

1197. Plaintiff's minimum wage claim stem from the fact that Defendants paid Plaintiff and the putative class on a commission-only/piece rate basis. This payment structure violates California's minimum wage laws. An employer must compensate its nonexempt employees at a rate of no less than the minimum wage for every hour worked in a pay period. *Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314, 324 (2005). An employer cannot attribute commission wages paid in one pay period to other pay periods in order to satisfy California's compensation requirements. *Peabody v. Time Warner Cable, Inc.*, 59 Cal. 4th 662, 669 (2014) ("[P]ermitting wages paid in one pay period to be attributed to a different pay period would be inconsistent with the Labor Code.").

56.    Defendants violated California's minimum wage laws by not paying Plaintiffs and the putative class members for each of their ten-minute rest periods, which are required by California law. Employees are entitled to "a paid 10-minute rest period per four hours of work." *Bluford v. Safeway Stores, Inc.*, 216 Cal. App. 4th 864, 871 (2013). Under the rule of *Armenta v. Osmose, Inc.*, 135 Cal. App. 4th at 323, rest periods must be separately compensated in a commissioned or piece-rate system. *Bluford*, 216 Cal. App. 4th at 872. "[A] piece-rate compensation formula that does not compensate separately for rest periods does not comply with California minimum wage law." *Id.*; *Balasanyan v. Nordstrom, Inc.*, 294 F.R.D. 550, 567 (S.D. Cal. 2013) (applying *Bluford* to commission-only pay structure). No exemptions to minimum wage requirements apply to Plaintiffs.

57.    Hence, Defendants were obligated to pay Plaintiffs and the putative class ten minutes of pay at a rate of no less than the minimum wage for each rest period Defendants provided. Defendants' failure to do so results in minimum wage liability, and Plaintiffs seek such amounts for unpaid minimum wages and liquidated damages for all unpaid rest periods.

58.    Plaintiff seeks all minimum wages owed to himself and the putative class under the aforementioned theories. Plaintiffs also seek liquidated damages pursuant to

Labor Code section 1194.2.

59.    Plaintiff seeks all attorney's fees and costs incurred and interest on all minimum wages owed.  *See* Lab. Code §§ 218.6 and 1194, subd. (a).

60.    Labor Code section 218.6 states, "[I]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2."

61.    Pursuant to Labor Code section 1194, Plaintiff requests the Court to award Plaintiff's reasonable attorney's fees and costs incurred in this action.  Plaintiff also requests all unpaid wages, liquidated damages, waiting-time penalties and interest.  The exact amount of actual wages, and statutory interest thereon, and penalties owed will not be fully ascertained until discovery is completed.  Until Defendants produce the necessary documents for an accounting, Plaintiff is unable to determine the exact amount of wages owed.

## SIXTH CAUSE OF ACTION

### *Failure to Provide Legally Compliant Rest Periods*

### **(Action Brought By Plaintiff On Behalf Of Himself**

### **And The Putative Class Against All Defendants)**

62.    Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

63.    Employees are entitled to "a paid 10-minute rest period per four hours of work."  *Bluford*, 216 Cal. App. 4th at 871 (emphasis added); 8 Cal. Code Regs. § 11070, subd. 12(A).

64.    "If an employer fails to provide an employee a … rest … period in accordance with a state law…, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the … rest

1    … period is not provided." Lab. Code § 226.7(c).

2    65.    By not paying Plaintiffs and the putative class for their rest periods,

3    Defendants did not provide rest periods in accordance with California law. (*Vaquero v.*

4    *Stoneledge Furniture LLC* (2017) 9 Cal.App.5th 98, 115, as modified (Mar. 20, 2017),

5    review filed (Apr.10.2017).) Plaintiffs therefore seeks one additional hour of pay at

6    each employee's regular rate of compensation for each workday that such paid rest

7    period was not so provided, pursuant to section 226.7.

8    66.    Plaintiff seeks interest pursuant to law on all amounts owed for rest period

9    premiums under section 226.7.

10    **SEVENTH CAUSE OF ACTION**

11    ***Failure to Provide Legally Compliant Meal Periods***

12    **(Action Brought By Plaintiff On Behalf Of Himself**

13    **And The Putative Class Against All Defendants)**

14    67.    Plaintiff incorporates by reference and re-alleges each and every one of the

15    allegations contained in the preceding and foregoing paragraphs of this Complaint as if

16    fully set forth herein.

17    68.    Employees are entitled to compliant meal periods pursuant to California

18    Labor Code section 512.

19    69.    It is alleged that the Plaintiff and the putative class worked through meal

20    periods in violation of California law. During their employment, Plaintiff and the

21    putative class were not provided a reasonable opportunity to take all meal periods

22    required under California, including at times a second meal period as required by law

23    when an employee works more than 10 hours.

24    70.    During the Class Period, Plaintiff and the putative class were not permitted

25    to leave the premises during work hours. As a matter of law, an employee not

26    permitted to leave the premises, does not receive a lawful meal period. See *Bono*

27    *Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968, 38 Cal.Rptr.2d 549.

28

**COMPLAINT; DEMAND FOR JURY TRIAL**

71.    By not paying Plaintiffs and the putative class for their meal periods, Defendants did not provide meal periods in accordance with California law.  Plaintiffs therefore seeks one additional hour of pay at each employee's regular rate of compensation for each workday that such paid meal period was not so provided pursuant to California Labor Code section 226.7.

72.    Plaintiff seeks interest pursuant to law on all amounts owed for meal period premiums under section 226.7.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all members of the Class, prays for relief as follows:

### **On the First Cause of Action**

1.    For all regular, overtime and doubletime wages owed under California law and/or federal law, whichever provides greater relief, according to proof;

2.    For prejudgment interest pursuant to Labor Code sections 218.6 and 1194 and Civil Code sections 3288 and 3291 on all amounts claimed;

3.    For attorney's fees and costs pursuant to Labor Code sections 218.5, 226, and 1194.

### **On the Second Cause of Action**

1.    For statutory penalties, pursuant to law;

2.    For reasonable attorneys' fees pursuant to statute;

3.    For costs of suit; and

4.    For any other and further relief that the Court considers just and proper.

/ / /

/ / /

**COMPLAINT; DEMAND FOR JURY TRIAL**

### On the Third Cause of Action

1.    For an equitable order, ordering Defendants to pay all former and current employees all wages, interest, and penalties they are owed;

2.    For an appointment of a receiver to perform an accounting of all monies owed to these employees;

3.    For any and all injunctive relief this Court deems necessary pursuant to California Business and Professions Code section 17203; including an injunction ordering Defendants to begin paying overtime premiums to their Hospitality Territory Managers, Territory Managers, Territory Sales Managers and/or Territory Sales Representatives in California;

4.    For any and all public injunctive relief as this Court deems necessary, including any injunctive orders to Defendants to comply with California law and/or advise the relevant population or general public of Defendant's misconduct.  (*See, e.g.*, *McGill v. Citibank*, 2 Cal. 5th 945 (2017);

5.    For a declaratory judgment declaring that Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

6.    For prejudgment interest pursuant to California Civil Code section 3288 and section 3291 on all amounts claimed;

7.     For leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court.

8.    For costs of suit; and

9.    For any other and further relief that the Court considers just and proper.

/ / /

/ / /

**COMPLAINT; DEMAND FOR JURY TRIAL**

**On the Fourth Cause of Action**

1.    For waiting-time penalties under Labor Code section 203;

2.    For costs of suit;

3.    For any other and further relief the Court considers just and proper;

4.    For a declaratory judgment declaring that Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

5.    For costs of suit; and

6.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.


**On the Fifth Cause of Action**

1.  For wages owed according to proof;

2.  For prejudgment interest pursuant to Labor Code section 218.6 and Civil Code sections 3288 and 3291 on all amounts claimed;

3.  For liquidated damages in an amount equal to the unpaid minimum wages owed under Labor Code section 1194.2;

4.  For attorney's fees and costs pursuant to Labor Code section 1194;

5.  For costs of suit; and

6.  For any other and further relief that the Court considers just and proper.


**On the Sixth Cause of Action**

1.  For one additional hour of pay at each employee's regular rate of compensation for each workday that such paid rest period was not provided per California law, pursuant to Labor Code section 226.7.

2.  For interest pursuant to law on all amounts owed for rest period premiums under section 226.7.

3.  For costs of suit; and

4.  For any other and further relief that the Court considers just and proper.

**On the Seventh Cause of Action**

1.     For one additional hour of pay at each employee's regular rate of compensation for each workday that such paid meal period was not so provided, pursuant to Labor Code section 226.7.

2.   For interest pursuant to law on all amounts owed for meal period premiums under section 226.7

3.     For costs of suit; and

4.     For any other and further relief that the Court considers just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this matter.

Dated:  August 14, 2017                         **PALAY HEFELFINGER, APC**

By:_____
     Daniel J. Palay

Attorneys for Plaintiff MICHAEL
GIUFFRIDA and the Putative Class